IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERT C. SNYDER,** : **CIVIL NO. 1:CV-01-2077**
　　　　**Plaintiff** :
　　v. : **(Judge Rambo)**
: **(Magistrate Judge Smyser)**
**COMMISSIONER OF** :
**SOCIAL SECURITY,** :
　　　　**Defendant** :

## MEMORANDUM AND ORDER

Before the court is a report of the magistrate judge in which he recommends that this matter be remanded to the Commissioner for reconsideration of the Commissioner's discretionary decision to decline to reopen a prior binding adjudication.  The facts of this case are adequately set forth in the report and recommendation of the magistrate judge and will not be repeated herein.  The complaint in this case seeks judicial review of a final decision of the Commissioner which denied his claim for disability benefits under Title II of the Social Security Act. Title 42 U.S.C. §§ 401-433.  The issue before the court is whether the court has subject matter jurisdiction to review the Administrative Law Judge's discretionary decision not to reopen Plaintiff's August 1995 application for benefits.

Judicial review of claims arising under the Social Security Act is permitted in accordance with 42 U.S.C. § 405(g) which provides:

> Any individual, after any final decision of the Commissioner
> of Social Security made after a hearing to which he was a
> party, irrespective of the amount in controversy, may obtain
> a review of such decision by a civil action commenced
> within sixty days after the mailing to him of notice of such
> decision . . . .

The Commissioner cites to *Califano v. Sanders*, 430 U.S. 99 (1997) for the rule that a decision not to reopen a previously adjudicated claim for disability benefits is not a "final decision" subject to judicial review.  The court held that 42 U.S.C. § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." *Id.* at 108-108.

It appears that exceptions to this may be those cases where a claim may be deemed to have been constructively reopened, *see Coup v. Heckler*, 834 F.2d 313 (3d Cir. 1987); where the Commissioner's decision is challenged on constitutional grounds, *see Califano v. Sanders*, 430 U.S. 99, 109 (1977); or possibly where the decision not to reopen followed a hearing. *Id.*

The record does not reflect whether any of these exceptions appear in the instant case in order for this court to exercise judicial review.  Accordingly, **IT IS HEREBY ORDERED THAT**:

1) The court rejects the report of the magistrate judge which recommends this matter be remanded to the Commissioner.

2) The captioned action is **DISMISSED**.

3) The Clerk of Court shall close the file.

                                               s/Sylvia H. Rambo  
                                               SYLVIA H. RAMBO  
                                               United States District Judge

Dated:  June 15, 2005.